1
2
3
4
5
6
7
8

**UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE**

9
10

Fuzhou No Sugar Electronics Co., Ltd.,
Fuzhou Xiaohao Er Trading Co., Ltd.,

11

*Plaintiffs*,

**Case No.  2:25-cv-00778**

12

v.

**Complaint For Declaratory Judgment**

13

Simplehuman LLC,

**Jury Trial Demand**

14
15

*Defendant*.

16
17
18
19
20
21
22
23
24
25
26
27
28

This is an action brought under the Declaratory Judgment Act by Plaintiffs Fuzhou No Sugar Electronics Co., Ltd. d/b/a Kitsure-BJT ("FNS"), Fuzhou Xiaohao Er Trading Co., Ltd. d/b/a Sakugi-XHE ("FXE") (collectively, "Plaintiffs"), against Defendant Simplehuman LLC ("Defendant" or "Simplehuman"), seek a declaration that Plaintiffs' dish drying racks (the "Accused Product" or "Dish Drying Rack") do not directly or indirectly infringe Patent No. US8,631,948 B2 (the "'948 Patent"), either literally or under the doctrine of equivalents, and/or that the '948 Patent is invalid. Plaintiffs further assert claims for tortious interference with contractual relations, and unfair competition in violation of the Washington's Consumer Protection Act, RCW 19.86.020 *et seq*. Upon actual knowledge with respect to itself and its acts, and upon information and belief as to all other matters, Plaintiffs allege as follows:

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

## INTRODUCTION

1.    Plaintiffs received notices from Amazon.com, stating that Plaintiffs' Accused Product were removed from Amazon's online marketplace because of the alleged infringement of the '948 Patent. Amazon also notified Plaintiffs that it needs a court order stating that Plaintiffs are allowed to sell the removed products to reactivate their listings. Defendant's objectively baseless infringement complaint to Amazon has caused and continues to cause significant harm to Plaintiffs as the Accused Product has been removed from Amazon and Plaintiffs will lose all associated goodwill in the listings, not to mention lost sales. The alleged infringement to Amazon is wholly without merit as the Accused Product do not meet each and every limitation of any claim under the '948 Patent. Furthermore, the '948 Patent is invalid under 35 U.S.C. §§ 102, 103 and/or 112.

## NATURE OF THE ACTION

2.    This action seeks Declaratory Judgments of patent non-infringement under the Declaratory Judgment Act, 28 U.S.C. § 2201 *et seq.*, and the United States Patent Laws, 35 U.S.C. § 101 *et seq*. Defendant's actions have caused and continues to cause significant harm to Plaintiff as the Accused Product has been removed from Amazon through the enforcement of the '948 Patent.

3.    This is an action under the Declaratory Judgment Act, 28 U.S.C.§§ 2201 and 2202, seeking a declaratory judgment that Defendant's '948 Patent is invalid under at least 35 U.S.C. §§ 102, 103 and/or 112.

4.    This action further seeks damages for Defendants' tortious activities.

## PARTIES

5.    Plaintiff Fuzhou No Sugar Electronics Co., Ltd. is a limited liability company organized and existing under the laws of the People's Republic of China, having its principal place of business located at: Room A01, 2nd Floor, No. 93 Guohuo East Road, Taijiang District, Fuzhou City, Fujian Province 350004, China. Plaintiff FNS does business in this District through on-line marketplace, Amazon, using the name, Kitsure-BJT.

6.    Plaintiff Fuzhou Xiaohao Er Trading Co., Ltd. is a limited liability company organized and existing under the laws of the People's Republic of China, having its principal place of business located at: Room 312, 3rd Floor, Building 1, Wanfu Center, No. 9 Keji East Road, Shangjie Town, Minhou County, Fujian Province, China. Plaintiff FXE does business in this District through on-line marketplace, Amazon, using the name, Sakugi-XHE.

7.    Upon information and belief, Defendant Simplehuman LLC is a limited liability company organized and existing under the laws of the State of California and maintains a place of business at 19850 MAGELLAN DR, TORRANCE, CA 90502. Defendant is registered as the applicant and assignee of the '948 Patent.

8.    Upon information and belief, Defendant's competing products have been offered for sale on Amazon. For instance, Defendant's dish drying racks, branded as "simplehuman," were on sale on Amazon. *See* **Exhibit A**.

## JURISDICTION AND VENUE

9.    This Court has subject matter jurisdiction under 28 U.S.C. §§ 2201, 2202, 1331, 1338(a), because this action arises under the laws of the United States, in particular the Patent Act of the United States, 35 U.S.C. § 100 et seq. Plaintiffs further pleads this Court has pendent jurisdiction, and supplemental jurisdiction pursuant to 28 U.S.C. § 1367.

10.    An actual case or controversy exists between the parties to this action. Defendant's actions have caused and continue to cause significant harm to Plaintiff as the Accused Product has been removed from Amazon through the enforcement of the '948 Patent. Defendant's actions thereby give rise to an actual controversy under 28 U.S.C. §§ 2201 et. seq.

11.    This Court has personal jurisdiction over Defendant in this action at least because Defendant initiated and continues to pursue enforcement proceedings concerning the '948 Patent within this judicial district. *See*, e.g., *Campbell Pet Co. v. Miale*, 542 F.3d 879, 884–86 (Fed. Cir. 2008) (holding that specific personal jurisdiction is satisfied by a patentee's "extra-judicial patent enforcement" efforts in the forum state). Specifically, Defendant submitted a complaint of infringement of the '948 Patent to Amazon.com, Inc. ("Amazon"), which has a place of business located at 410 Terry Ave. N, Seattle, WA 98109. Each claim presented herein arises from Defendant's actions directed at this forum, establishing sufficient minimum contacts under Washington's Long-Arm Statute, RCW 4.28.185.

12.    For the same reasons, venue is proper in this District pursuant to 28 U.S.C. §1391(b) because a substantial part of the events giving rise to this action took place within this District.

## THE ACCUSED PRODUCTS

13.    On or about March 29, 2025, Amazon sent a notice to Plaintiff FNS stating that FNS's Dish Drying Rack was removed due to a patent infringement complaint concerning the '948 Patent filed by Defendant. The notice from Amazon is attached hereto as **Exhibit B**.

14.    On or about March 29, 2025, Amazon sent a notice to Plaintiff FXE stating that FXE's Dish Drying Rack was removed due to a patent infringement complaint concerning the '948 Patent filed by Defendant. The notice from Amazon is attached hereto as **Exhibit C**.

15.    In the notices, Amazon informed Plaintiffs that the rights owner of the '948 Patent is identified as simplehuman, with the rights owner's email address listed as fritz.schweitzer@farberllc.com. The alleged infringement type is Patent and the IP asserted is 8,631,948. *See* **Exhibits B, C**.

16.    The Amazon marketplace constitutes Plaintiffs' primary sales channel into the United States. To remain competitive in the United States market for Accused Products, Plaintiffs need their products listed in the Amazon marketplace. Amazon has removed Plaintiffs' Accused Product from the marketplace, preventing Plaintiffs from accessing their largest channel of trade because of Defendant's infringement complaint. Thus, Defendant's submission of Amazon infringement complaints has caused and continues to cause immediate and irreparable harm to Plaintiffs.

<u>**U.S. PATENT NO. 8,631,948 B2**</u>

17.    The face of the '948 Patent lists Defendant as the assignee of patent. *See* **Exhibit D**.

18.    The '948 Patent is entitled "Dish rack with adjustable spout and removable drip tray" and generally discloses "[a] dish rack has a wireframe, a drip tray having a base and a dish-receiving region provided on the base, and a drain channel that is removably coupled to the bottom of the base at the location of the dish-receiving region." **Exhibit D**, at Abstract.

19.    The '948 Patent was issued on January 21, 2014. The '948 Patent has one independent claim and 13 dependent claims. *See* **Exhibit D.**

<u>**COUNT I**</u>

**(DECLARATORY JUDGMENT OF NON-INFRINGEMENT OF ONE OR MORE CLAIMS OF THE '948 PATENT)**

20.    Plaintiffs incorporate by reference the allegations set forth above in this Complaint as if fully set forth herein.

21.    An actual, continuing and justiciable controversy exists between Plaintiffs and Defendant concerning the non-infringement of the '948 Patent by the Accused Product, as evidenced by Defendant's allegations of infringement on Amazon, as set forth above. A judicial declaration is necessary to determine the parties' respective rights regarding the '948 Patent.

22.    Plaintiffs' Accused Product does not infringe any of the presumably valid claims of the '948 Patent, as the Accused Product fails to meet one or more elements of independent claim 1 of the '948 Patent.

23.    Claim 1 of the '948 Patent recites:

A dish rack, comprising:
a body defining an interior having a structure for supporting dishes, the body having a bottom;
a leg supporting each corner of the body, providing a space below the bottom above a supporting surface on which the leg rests; and
**a spout rotatably connected to an outlet of the bottom**, in the space below the bottom, wherein the outlet is located away from edges of the bottom, wherein the bottom is configured such that water drained on the bottom is directed in a direction away from the edges towards the outlet to drain via the spout, wherein the spout is positionable between a first position in which the spout extends between a first pair of legs at a first side of the body and a second position in which the spout extends between a second pair of legs at a second side of the body orthogonal to the first side of the body, wherein the spout extends beyond the edges of the bottom at the first position and the second position, and wherein the spout comprises an open channel structure wherein sections along its longitudinal axis are open.

24.    Plaintiffs' Accused Product does not directly or indirectly infringe the '948 Patent, either literally or under the doctrine of equivalents, at least because its spout is not "rotatably connected" to the bottom outlet as claimed by the claim 1 and properly construed in light of the '948 patent's specification and prosecution history.

1    25.    Specifically, the spout of the Accused Product is not "rotatably connected" to the

2  bottom outlet. It is fixedly connected via a snap-fit mechanism in each operational position.

3  Rotation is only possible after the spout is physically disconnected and removed from the outlet.

4  This fixed, remove-and-reattach mechanism is precisely what the patentee disclaimed during

5  prosecution and dedicated to the public in the specification. Therefore, the Accused Product is not

6  "rotatably connected" as required by claim 1 of the '948 patent, as illustrated in Chart 1 below.

**Chart 1**



| The Rotatable Spout Connection of The '948 Patent Reads On Figure | Plaintiffs' Accused Product |
|---|---|

26.    Further, prosecution history estoppel bars the patentee from recapturing, through

the doctrine of equivalents, subject matter surrendered during prosecution to secure the patent. The

patentee surrendered connection mechanisms that do not allow rotation while connected by

arguing against the Examiner's reliance on Moore. Moreover, the specification explicitly described and dedicated the remove-and-reattach alternative. Applying the doctrine of equivalents to cover the Accused Product's mechanism would impermissibly recapture this surrendered and dedicated subject matter. The difference between the claimed "rotatably connected" spout and the Accused Product's fixed, snap-fit, remove-and-reattach spout is substantial, particularly in light of the prosecution history and specification.

27.    Therefore, at least regarding the rotatable spout connection, the difference between Plaintiffs' Accused Product and claim 1 is substantial. Consequently, under both the literal interpretation and the doctrine of equivalents, Plaintiffs' Accused Product does not infringe the presumably valid claim 1 of the '948 Patent.

28.    Likewise, since the presumably valid independent Claim 1 of the '948 Patent is not infringed, neither are the remaining dependent claims 2-14. *Wahpeton Canvas Co. v. Frontier, Inc.*, 870 F.2d 1546, 1552 n.9, 1553 (Fed. Cir. 1989) (a dependent claim cannot be infringed if any claim from which it depends is not infringed). ***See* Exhibit E** for detailed non-infringement contentions concerning the Accused Product.

29.    Defendant's baseless infringement reports on the Amazon platform have caused imminent and real threat of an infringement lawsuit. Plaintiffs have also suffered significant damages because its listings were removed by Amazon.

30.    A substantial, immediate, and real controversy exists between Plaintiffs and Defendant regarding the validity of the '948 Patent.

31.    Plaintiffs seek a declaratory judgment that the claims of the '948 Patent are invalid for failure to meet the conditions of patentability and/or otherwise comply with one of more of the

provisions of the patent laws of the United States, including, but not limited to 35 U.S.C. §§ 101, 102, 103, and/or 112.

32.    Plaintiffs are also entitled to recover damages caused by Defendant.

## COUNT II
### (DECLARATORY JUDGMENT OF INVALIDITY OF
### ONE OR MORE CLAIMS OF THE '948 PATENT)

33.    Plaintiffs incorporate by reference the allegations set forth above in this Complaint as if fully set forth herein.

34.    An actual, continuing and justiciable controversy exists between Plaintiffs and Defendant concerning the validity of the '948 Patent, as evidenced by Defendant's allegations of infringement on Amazon, as set forth above.

35.    The claims of the '948 Patent are invalid for failure to meet the conditions of patentability and/or otherwise comply with one of more of the provisions of the patent laws of the United States, including, but not limited to 35 U.S.C. §§ 101, 102, 103, and/or 112, at least in view of the prior art cited herein, *see* **Exhibits F, G, H, I, J, K**, as well as any additional prior art that may come to light during this litigation.

36.    By way of example and not limitation, at least the U.S. Patent No. 591,377, entitled "DISH-DRAINER" to Bunce ("Bunce"), by itself or in combination with other prior art, anticipates and/or renders obvious one or more claims of the '948 Patent. Bunce was filed on April 12, 1897, and was issued on October 12, 1897. A true and correct copy of Bunce is attached hereto as **Exhibit F**.

37.    By way of example and not limitation, at least U.S. Patent Application Publication No. 2004/0238464 A1, entitled "DISH RACK DRAINING TRAY PROVIDING STABILITY AND EFFECTIVE DRAINING" to Cheung ("Cheung"), by itself or in combination with other

prior art, anticipates and/or renders obvious one or more claims of the '948 Patent. Cheung was filed on June 2, 2003, and was published on December 2, 2004. A true and correct copy of Cheung is attached hereto as **Exhibit G**.

38.    By way of example and not limitation, at least U.S. Patent No. 6,491,170 B1, entitled "DRYING AND ORGANIZING RACK FOR KITCHEN UTENSILS, FLATWARE AND CHINA" to Madela ("Madela"), by itself or in combination with other prior art, anticipates and/or renders obvious one or more claims of the '948 Patent. Madela was filed on June 1, 2001, and was issued on December 10, 2002. A true and correct copy of Madela is attached hereto as **Exhibit H**.

39.    By way of example and not limitation, at least U.S. Patent No. 6,446,280 B1, entitled "SINK ATTACHMENT" to Moore, Jr. ("Moore"), by itself or in combination with other prior art, anticipates and/or renders obvious one or more claims of the '948 Patent. Moore was filed on January 4, 2001, and was issued on September 10, 2002. A true and correct copy of Moore is attached hereto as **Exhibit I**.

40.    By way of example and not limitation, at least Japanese Patent Application Publication No. JP2004267285A, entitled "Draining member receiver and drainer" to Nirasawa ("Noboru"), by itself or in combination with other prior art, anticipates and/or renders obvious one or more claims of the '948 Patent. Noboru was filed on March 5, 2003, and was published on September 30, 2004. A true and correct copy of Moore is attached hereto as **Exhibit J**.

41.    By way of example and not limitation, at least U.S. Patent Application Publication No. 2007/0131629 A1, entitled "DRYING STORAGE RACK" to Sullivan et al. ("Sullivan"), by itself or in combination with other prior art, anticipates and/or renders obvious one or more claims

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

of the '948 Patent. Sullivan was filed on December 13, 2005, and was published on June 14, 2007. A true and correct copy of Sullivan is attached hereto as **Exhibit K**.

42.    All the claims of the '948 Patent are anticipated and/or rendered obvious by the prior art listed above or their combinations.

43.    Defendant's baseless infringement reports on the Amazon platform have caused imminent and real threat of an infringement lawsuit. Plaintiffs have also suffered significant damages because their listings were removed by Amazon.

44.    A substantial, immediate, and real controversy exists between Plaintiffs and Defendant regarding the validity of the '948 Patent.

45.    Plaintiffs seek a declaratory judgment that the claims of the '948 Patent are invalid for failure to meet the conditions of patentability and/or otherwise comply with one of more of the provisions of the patent laws of the United States, including, but not limited to 35 U.S.C. §§ 101, 102, 103, and/or 112.

46.    Plaintiffs are also entitled to recover damages caused by Defendant.

## <u>COUNT III</u>
### (Tortious Interference with Contractual Relations)

47.    Plaintiffs incorporate by reference the allegations set forth above in this Complaint as if fully set forth herein.

48.    Under Washington law, the elements of a claim for tortious interference with a contractual relationship are: (1) the existence of a valid contractual relationship or business expectancy; (2) that defendants had knowledge of that relationship; (3) an intentional interference inducing or causing a breach or termination of the relationship or expectancy; (4) that defendants interfered for an improper purpose or used improper means; and (5) resultant damage. *Tacoma Auto Mall, Inc. v. Nissan North America, Inc.*, 279 P.3d 487, 498 (Wash. Ct. App. 2012).

49.    Plaintiffs have a valid and existing contract with Amazon in order to sell its products through Amazon.com.

50.    Plaintiffs are informed and believe, and on that basis allege, that Defendant knew of Plaintiffs' contractual relationships with the Amazon.

51.    Plaintiffs are informed and believes, and on that basis allege, that Defendant intentionally interfered with those contractual relationships and furthermore knowingly and intentionally, by ways of asserting materially false allegations of patent infringement against Plaintiffs in order to have Plaintiffs' listing removed and eliminate Plaintiffs' lawful competition.

52.    As a result of Defendant's improper acts, Plaintiffs' listings were removed from Amazon. Defendant's improper acts interfered with Plaintiffs' existing contracts with Amazon, including but not limited to the Amazon Services Business Solutions Agreement, impacting Plaintiffs' abilities to fulfill their contractual obligations with Amazon.

53.    As a result of Defendant's improper acts, Plaintiffs' contractual relationships and/or business expectancy with Amazon are compromised, and Plaintiffs have suffered interruptions of their ongoing business activities with Amazon.

54.    As a result of Defendant's improper acts, Plaintiffs have suffered direct, proximate and foreseeable damages and continue to suffer direct, proximate and foreseeable damages.

55.    Defendant's efforts to have Plaintiffs' products delisted through improper means was and is in itself unlawful and fraudulent.

56.    By reason of Defendant's acts, Plaintiffs are entitled to equitable remedies and damages in an amount to be proven at trial.

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

**COUNT IV**
**(Unfair Competition in Violation of the Washington Consumer Protection Act (RCW 19.86.020 et seq.))**

57.     Plaintiffs incorporate by reference the allegations set forth above in this Complaint as if fully set forth herein.

58.     The Washington Consumer Protection Act (CPA) makes unlawful "[u]nfair methods of competition and unfair or deceptive acts or practices in the conduct of any trade or commerce." Rev. Code Wash. 19.86.020. The elements for a private CPA claim are: 1) an unfair or deceptive act or practice, 2) occurring in trade or commerce, 3) affecting the public interest, 4) injury to a person's business or property, and 5) causation." *Panag v. Farmers Ins. Co. of Wash.*, 204 P.3d 885, 889 (Wash. 2009).

59.     Upon information and belief, Defendant offers for sale a variety of products on Amazon, including but not limited to dish drying racks, which compete with Plaintiff's Accused Product in the relevant market.

60.     It is in the public interest for consumers to be able to choose from a wide variety of products when shopping online such as on Amazon.

61.     Defendant engaged in unfair competition in violation of Washington's Consumer Protection Act, RCW 19.86.020 et seq., by committing an unfair or deceptive act that deceived the intended audience in Washington, occurred in trade or commerce, impacted the public interest in Washington, and directly caused injury to Plaintiff's business and property.

62.     As a result of Defendant's conduct, Plaintiffs are entitled to damages in an amount to be proven at trial, including reasonable attorneys' fees, costs, and treble damages under RCW 19.86.090.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiffs pray for judgment against Defendant as follows:

A.    For judgment in favor of Plaintiffs against Defendant on all claims.

B.    Declaring that Plaintiffs' Accused Product does not infringe any of the claims of the '948 Patent;

C.    Declaring that the claims of the '948 Patent are invalid for failing to satisfy the criteria of 35 U.S.C. §§ 102, 103 and/or 112;

D.    Preliminary and permanent injunctions ordering Defendant to withdraw all Amazon infringement complaints lodged against the Plaintiffs' Accused Product based on the '948 Patent, and to refrain from lodging any further infringement complaints regarding the same (the "Order");

E.    Ordering Defendant to return to the Court with proof of compliance of the Order within seven (7) days of entry thereof, with a copy served on Plaintiffs' attorney;

F.    A finding that this case is exceptional and an award to Plaintiffs of their costs, expenses, and reasonable attorney fees incurred in this action pursuant to 35 U.S.C § 285;

G.    Awarding Plaintiffs damages due to Defendant's improper acts, doubled and/or trebled due to the willful and exceptional nature of the case;

H.    Awarding Plaintiffs their costs of suit, including the costs of experts and reasonable attorneys' fees pursuant to, inter alia, Washington's Consumer Protection Act, due to the exceptional nature of this case, or as otherwise permitted by law;

I.    Awarding Plaintiffs compensatory, general and special, consequential and incidental damages in an amount to be determined at trial;

J.    Awarding Plaintiffs exemplary, punitive, statutory, and enhanced damages;

K.    Awarding pre- and post- judgment interest; and

1  L.    Awarding Plaintiffs such other and further relief as this Court deems is just and proper.

2                              **JURY TRIAL DEMAND**

3        Plaintiffs hereby demand a jury trial on all issues so triable.

4

5

6                                    Respectfully submitted,

7                                    LAW OFFICE OF CARL J. MARQUARDT
                                     PLLC
8

9  Date: April 28, 2025             By: /s/ Carl J. Marquardt

10                                   Carl J. Marquardt (WSBA No. 23257)
                                     1126 34th Avenue, Suite 311
11                                   Seattle, WA 98122
                                     Tel: (206) 388-4498
12                                   Email: carl@cjmlawoffice.com

13                                   Glacier Law LLP
14                                   Dandan Pan, Esq. (*pro hac vice* application
                                     to be filed)
15                                   41 Madison Avenue, Ste. 2529
                                     New York, NY 10010
16                                   dandan.pan@glacier.law
                                     Telephone:  (212)729-5033
17

18                                   ***Counsel for Plaintiffs***

19

20

21

22

23

24

25

26

27

28